SOVEREIGN CAMP WOODMEN OF THE WORLD *v.* JULIA L. WOODRUFF.

1. BENEVOLENT SOCIETIES. *Change of laws. Advantages and burdens of.*

Where in his certificate of membership in a benevolent society a member obligates himself to be bound by the "conditions, constitution and laws and such by-laws as are in force or may hereafter be enacted" by the society, he is entitled to the advantages of changes in its laws, as well as bound to submit to the burdens thereby imposed.

2. SAME. *Laws part of contracts.*

In such case the constitution and laws of a benevolent society are binding upon it and all of its members and may be considered as written into contracts between it and its members, and all amendments of its constitution and laws govern rights and liabilities arising from such contracts.

3. SAME. *Vaccination. Small-pox.*

Where, in his application for membership in a benevolent society, the member, who had not been vaccinated, agreed, as was required at the time by the laws of the society, to waive all claims under his benefit certificate should he die from small-pox, and before his death the laws of the society were so changed as to require of members who had not been vaccinated to agree that until they were successfully vaccinated they would waive all claim under their certificates in case they died from small-pox, and the member was successfully vaccinated, but died of small-pox, it is no defense to a suit by the beneficiary of his certificate that he died with that disease.

4. SAME.

Successful vaccination does not necessarily mean such vaccination as will render the subject absolutely immune from small-pox.

5. SAME. *To whom benefits payable. Monument fund.*

Where a benefit certificate obligates a benevolent society to pay $3,000 to the wife of a deceased member, and $100 for a monument

to be placed at the grave of the member, without specifying to whom the monument fund is to be paid, but the laws of the society require it to be paid to the contractor employed to erect the monument, the wife cannot recover the $100.

From the circuit court of, second district, Bolivar county.

Hon. F. A. Montgomery, Special Judge.

Mrs. Woodruff, appellant, was plaintiff in the court below; the Sovereign Camp Woodmen of the World was defendant there. The plaintiff recovered a judgment for $3,100, with interest, including the $100 monument fund, and the defendant appealed to the supreme court. The opinion states the case.

*Fontaine Jones,* for appellant.

The crucial point presented for decision is whether the appellant waived the right to contest the payment of the amount named in the certificate, and plead in defense of an action thereon the express agreement of said Woodruff, the member, contained in his application for membership to the order.

But for the change in applications made subsequent to the issuance of Woodruff's certificate, there can be no doubt that the death of Woodruff, as a result of smallpox, avoided recovery upon his certificate. Independent of the testimony of Dr. McCalip, the proofs of death presented to appellant, containing the physician's certificate of death, offered in evidence by appellant, unquestionably establish the fact that Woodruff's death resulted from smallpox, and the authorities are numerous holding that such proofs are *prima facie* evidence of the facts stated therein, and are admissible as against the insured and in behalf of appellant. *Mutual L. Ins. Co.* v. *Newton,* 22 Wall. (U. S.), 32, 19 Am. & Eng. Enc. Law (2d ed.), 107; *Cluff* v. *Mutual Benefit L. Ins. Co.,* 99 Mass., 317; *Hanna* v. *Conn. Mut. Ins. Co.,* 150 N. Y., 526; *Aetna L. Ins. Co.* v. *Ward,* 140 U. S., 76.

The application is to be construed as a part of the contract.

*Kelly* v. *Life Ins. Co.,* 113 Ala., 453; *Northwestern Benev. Assn.* v. *Hand,* 29 Ill. App., 73; *Kennedy* v. *St. Lawrence County Mut. Ins. Co.,* 10 Barber (N. Y.), 285; 16 Am. & Eng. Enc. Law (2d ed.), 868, and cases cited in note 4.

As an abstract proposition, it is indisputably true that the by-laws of a mutual insurance company are a part of the insurance contract; but this principle fails of application when invoked by appellee in her effort to avoid the agreement of the insured as to vaccination and death by smallpox contained in his application.

There is nothing in the record to indicate that the stipulations and agreements contained in former applications in reference to vaccination and death by smallpox were in anywise waived or abrogated; and there is no limitation upon the power of the Sovereign Commander to prescribe a certain form of application for one person and a different form for another. The application and certificate constitute the contract. *Covenant Mut. L. Ins. Co.* v. *Tuttle,* 87 Ill. App., 309; *Drum* v. *Benton,* 13 App. D. C., 245; *McCoy* v. *Assn.,* 47 L. R. A., 681, and cases cited above.

Can it be said of a man who dies of smallpox that he had been successfully vaccinated? It is common knowledge that a vaccinated person may contract varioloid, which is seldom or never fatal; but it is generally supposed that a successfully vaccinated person is immune from smallpox.

*J. W. Cutrer,* for appellee.

No person can read the questions propounded in the two forms of application, without the same idea being thereby suggested to his mind, that all that the insurer desired to accomplish thereby, was that until after vaccination should be successfully effected, the society would not insure against death from smallpox; but that after such vaccination the insurance would become effective to protect against death from that cause equally with all others.

It seems, however, that all questions should be set at rest, because the fact appears affirmatively in the record, that the insured had been successfully vaccinated before he contracted the disease from which he died; appellant after the issuance of the certificate to the insured, and before his death, having changed the form of application which it required to be made by applicants for insurance, so that a certificate would not be void, provided the insured was successfully insured before contracting a fatal case of smallpox..

The certificate, on its face, provided that it was issued subject to the conditions named in the constitution and by-laws of the society, now in force, or that may hereafter be enacted by the sovereign camp.

The constitution and by-laws of appellant were amended subsequent to the issuance of the certificate sued on; and under the new laws of appellant the form of application was changed as has been shown in the abstract of facts. Bacon on Ben. Soc., sec. 321.

The beneficiary named in the certificate must, therefore, be entitled to receive the benefit arising from the change in the form of its application and contract insurance, prescribed by the sovereign officers or camp. These changes are binding where they work a hardship upon a member or its beneficiary, and they are, therefore, equally binding upon the society where the change operates for the benefit of the member. This doctrine is supported by the following authorities: Bacon on Ben. Soc., secs. 185-188; Knights of Pythias v. LaMalta, 95 Tenn., 157; see, also, 30 L. R. A., 838; Knights of Pythias v. Stein, 75 Miss., 107; Dornes v. Knights of Pythias, 75 Miss., 466.

In the case under discussion the insured expressly contracted in his application and certificate to be bound by all the laws then in force, as well as those which might thereafter be enacted, and this provision, of course, must be held to be equally binding upon the appellant, under the facts of the case, which

are, that the insured had been successfully vaccinated prior to contracting the disease from which his demise.

*Sillers & Owen,* on same side.

Appellee contends that the questions and answers when taken together mean nothing more or less than if the insured should die of smallpox before being successfully vaccinated, he would waive his rights under the policy. We think it clear that the questions and answers in the first application meant nothing more or less than what is read in the changed application. Evidently the insured construed it so, and we think it the reasonable interpretation to be placed upon the two questions. If he had been successfully vaccinated when he made his application, there would have been no necessity for asking the second question. If then, he was vaccinated before his death, and he had removed all of the objections that could have been made when he became a member of the order, and under the laws which holds these policies must be liberally construed in favor of the insured, and the policy upheld, if possible, under a reasonable interpretation of the language, we think even if the death was the result of smallpox, the appellee could recover. Bacon on Ben. Soc., secs. 179, 180.

Conceding, for the sake of argument, that death resulted from smallpox, that the questions and answers were to be construed literally as a warranty that they are a part of the policy, still appellee is entitled to recover, because, as shown by the evidence, the form of this application was changed subsequently to Woodruff's becoming a member, and before his death occurred, and the change affected all of the benefit certificates then in existence, because the laws governing these societies make any change or alteration made in the constitution or by-laws effect all of the benefit certificates. This beneficiary certificate reads as follows: "That the certificate is issued and the beneficiary is to comply with the conditions of the constitution,

laws and by-laws as are now or may hereafter be enacted by the sovereign camp." This modified application being in force at the time of death, was a part of the policy. All the changes in the constitution, by-laws, and application affected all the policy-holders because it would be manifestly unjust for one class of policyholders to have a policy better than another, and all paying the same assessments for the fund to pay these policies in cases of death. This view of the law is borne out by *Knights of Pythias* v. *La Malta*, 30 L. R. A., 828, and Bacon on Ben. Soc., secs. 185, 186-188; by *Supreme Lodge K. of P.* v. *Knight*, 3 L. R. A., 409, and note; *Supreme Commandery* v. *Ainsworth*, 71 Ala., 449. If the question was a part of the policy, and it read, "If not until you are, do you waive all rights under the policy," appellee is entitled to recover because the testimony of Dr. McCalip shows that Woodruff was successfully vaccinated before he contracted the disease before his death.

TERRAL, J., delivered the opinion of the court.

On the 16th day of June, 1898, J. C. Woodruff, a member of the Woodmen of the World, received of the appellant fraternity a beneficial certificate in the sum of $3,000, payable at his death to his wife, and for the payment of $100 for placing a monument at his grave. The certificate does not specify to whom the $100 for the monument shall be paid, but sec. 69 of the constitution and laws of the sovereign camp provides that said $100 shall be paid to the contractor employed for the execution of said work. Sovereign Woodruff died January 10, 1900, in good standing in said order, with all fines, assessments, and charges against him duly paid. Mrs. Woodruff sued appellant for $100 for the monument fund, as well as for the $3,000, the life insurance, and, by a peremptory instruction, recovered said sums—$3,100.

Woodruff, in his application for insurance, was asked, "Have you been successfully vaccinated?" to which he answered,

"No." (2) "If no, do you waive all claims under your certificate, should your death result from smallpox?" Answer, "Yes." And at the time of the death of Woodruff the constitution and laws of the order had been so amended as to substitute for the foregoing two questions the following: "Have you been successfully vaccinated? If no, until you are, do you waive all claims under your certificate, should your death result from smallpox?" Upon the trial of the case the attorneys representing appellant and appellee agreed in a statement, to be placed before the jury, that Woodruff had died January 10, 1900, in good standing with the fraternity, with all fees, fines, and assessments against him fully paid; and upon this, and the certificate of insurance, plaintiff rested her case. Thereupon appellant put upon the witness stand Dr. McCalip, who had certified to the fraternity that Woodruff died January 10, 1900, of smallpox; and he testified that in January he had gone to the home of Woodruff to see some members of his family who were sick with smallpox, and that he then found Woodruff sick with smallpox. But he testified further that he did not know whether Woodruff was dead or not, and, of course, could not say that he died of smallpox. On cross-examination he stated that Woodruff, before the time he last saw him, had been successfully vaccinated. Appellant, upon the ground that it had been misled by the certificate of Mc-Calip into the belief that Woodruff, to his knowledge, had died of smallpox, asked to withdraw the case from the jury, and to continue it until it could obtain the testimony of the physician who had attended Woodruff in his last illness, and by whom it averred it could prove that Woodruff actually died of smallpox. The court denied the application, and by a peremptory instruction the plaintiff below recovered a verdict. Whether the assured, Woodruff, died of smallpox, should have been submitted to the jury, if he forfeited his certificate by so dying; but the contention of appellee is that as Woodruff had, previously to his attack of smallpox, been successfully vaccinated, she was

entitled to recover, notwithstanding he so died. On the contrary, the appellant insists that the peremptory instruction was wrong, because there was evidence before the jury supporting its contention that Woodruff died of smallpox; that the evidence that Woodruff had been successfully vaccinated was too slight for judicial cognizance, or at least insufficient to support a finding to that effect, or, if true, that it was of no value where death ensued from smallpox. The constitution and laws of a benefit·society are binding upon it, and upon all its members, and may be considered as written into contracts between it and its members; and all amendments or changes made in the constitution and laws of the order become at once the law ·of the order and of its members, and take the place and stead of the laws amended or changed, and thereafter govern the· rights and liabilities of the order and of its members in relation to all contracts between them. Thomp. Bldg. Ass'ns, ch. 5, sec. 4; Bacon on Ben. Soc., sec. 304; *Rose* v. *Wilkins.* 78 Miss., 401 (29 So., 397). Woodruff, in his certificate of membership, obligates that he would be bound by the "conditions, constitution, and laws and such by-laws as are in force or may hereafter be enacted by the sovereign camp of which he is a member at the date of his decease," and it is but a corollary that he should be entitled to all the benefits resulting therefrom. Indeed, we understand it to be a principle underlying all benefit societies, that their benefits and burdens should be common to all their members. · There are people opposed to vaccination, and who would rather incur the risk of smallpox to that arising from vaccination; and such persons, of ·course, could never obtain the benefit of successful vaccination, under the changed by-laws of the order. The society was well aware that a conviction of hazard from vaccination existed in many minds, and therefore provided that, until successfully vaccinated, death from smallpox should forfeit the insurance. But as the society has, by a change of its by-laws, provided against loss of the insurance by death from smallpox where the insured has been

successfully vaccinated, and as Woodruff complied with the condition, we see every reason why he should receive the benefits of the order, as stipulated for by its by-laws and contract with appellee. This view seems to be the plain meaning of the contract of insurance, as interpreted by the laws of the order in force at the death of Woodruff. Dr. McCalip testified that, before taking smallpox, Woodruff had been successfully vaccinated. This testimony was not questioned by any further examination as to that fact, nor was there any countervailing proof in respect to that point. The contention of appellant that "successful vaccination" means entire immunity from smallpox is, as we are inclined to believe, not sound. It is well known that many learned men of the medical profession believe that inoculation with vaccine matter will prevent smallpox, or greatly mitigate its virulence, but we are not aware that there is a concurrence of medical opinion that vaccination is an absolute preventive of smallpox. We think it plainly inferable from the terms of the application for insurance in this case that the association did not use the phrase "successful vaccination" in the sense of an entire immunity from smallpox; for, if so, the change in the by-laws would be valueless. "Successful vaccination" carries the idea merely of the production upon the person vaccinated of such symptoms or manifestations as are usually produced by such operation when considered effective. The eruption produced by the inoculation, with its accompanying characteristics, is the only certain evidence that vaccination has taken, or is successful. That "successful vaccination" only means that the virus has taken upon the person inoculated, is supported by the Century Dictionary (word "Vaccination"). Though Woodruff died of smallpox, that was no bar to his recovery, if he had been successfully vaccinated; and that he had been so vaccinated was fully proven, without suggestion that the fact was otherwise. The offer of appellant was to show that he died of smallpox, and that, under all the evidence in the case, was immaterial.

The plaintiff, however, had no right to recover the $100 provided in the by-laws for the erection of a monument at the grave of Woodruff, and, unless that sum be remitted, the judgment will be reversed; if remitted, affirmed.

*Affirmed on remittitur.*