William N. Ross, Appellant, v. Modern Brotherhood of America.

Mutual Benefit Association:   after enacted bylaws: effect of.
1   It is competent for a mutual benefit assocation and a certificate holder to contract to be bound by by-laws to be enacted in the future.

By-Laws:   reasonableness:   broken leg:   definition.   A by-law
2   defining a broken leg, for which a benefit association shall be liable under its certificate of indemnity, to be breaking the shaft of the thigh bone between the hip and knee joint, or breaking the shafts of both bones between the knee and ankle joints, is reasonable, and a certificate holder receiving an injury of such character after the adoption of such by-law is bound thereby, where, by the terms of the original contract, the parties agree to be bound by future enacted by-laws.

*Appeal from Buchanan District Court.*—Hon. F. C. Platt, Judge.

Tuesday, May 26, 1903.

The defendant is a mutual benefit association, and on the 4th day of May, 1897, issued to the plaintiff its certificate of membership and insurance, which provided for the payment of $200 "for each broken arm or leg resulting from accident." The certificate also contained the following agreement: "This benefit certificate is issued and accepted upon the following express warranties, conditions and agreements: First. This certificate, the articles of incorporation, fundamental laws, by-laws, rules and regulations of this fraternity, now in force or which may be hereafter adopted, and the application for membership, including the physician's report, a copy of which is hereto attached, shall together, constitute the exclusive contract between this fraternity, the member and the beneficiary."

In October, 1900, the supreme lodge of the defendant regularly adopted a by-law defining what should constitute a broken leg within the meaning of its certificate, as follows: "The breaking of a leg is specifically defined to be the breaking of the shaft of the thigh bone between the hip and the knee joints, or the breaking of the shafts of both bones between the knee and ankle joints, and no payment will be made for a broken * * * leg unless the same comes under the definition of a broken * * * leg as above set out." In February, 1901, the plaintiff had one bone of the right leg broken between the knee and ankle joint, and brings this action to recover therefor under his certificate. The defendant alleges no liability under the by-laws in force at the time of the accident. The case was tried in equity upon an agreed statement of facts, and a judgment rendered for the defendant. The plaintiff appeals.—*Affirmed.*

*E. E. Hasner* for appellant.

*Grimm, Trewin & Moffit* and *Barry Gilbert* for appellee.

Sherwin, J.—Before the adoption of the by-laws of October, 1900, defining specifically what should constitute a broken leg, there was no definition or regulation governing this matter, as we understand the record; and it is conceded that, if the plaintiff is not bound by this enactment, he is entitled to recover. The plaintiff's action is based upon the certificate issued to him by the defendant, and it is the contract upon which his rights against the defendant must rest, and by which the liability of the defendant must be measured. The certificate which the plaintiff accepted as his contract with the defendant provides that "the articles of incorporation, fundamental laws, by-laws, rules, and regulations * * * now in force, or which may be hereafter adopted, shall together constitute the exclusive contract" between the parties.

It is, of course, elementary that parties competent to

1. AFTER en-acted by laws: effect of.

contract may make such contracts as they see fit, so long as the public is not injured thereby, and that courts will do no more than to construe them as they find them, regardless of the consequences to either of the contracting parties. It is argued that the by-law under consideration is unreasonable, and therefore does not bind the plaintiff. But the language of the contract is broad, and clearly and expressly provides that future by-laws and rules and regulations shall constitute a part thereof. We know of no reason why parties may not contract to be bound by future enactments, and that such enactments may enter into and form a part of their contracts; but, on the other hand, we believe it to be the general holding that they may. *Hobbs v. Iowa Ben. Ass'n.*, 82 Iowa, 107; *Seiverts v. Ben. Ass'n,* 95 Iowa, 710; 1 Bacon on Benefit Societies, sections 91, 92, 185; *Stohr v. San Fran. Mus. Fund Soc.*, (Cal.) 22 Pac. Rep. 1125; *Loeffler v. Modern Woodmen*, 100 Wis. 79 (75 N. W. Rep. 1012); *Schmidt v. Supreme Tent*, 97 Wis. 528 (73 N. W. Rep. 22); *Supreme Com. v. Ainsworth*, 71 Ala. 449 (46 Am. Rep. 332). See, also, note in *Strauss v. Association*, 126 N. C. 971 (36 S. E. Rep. 352, 39 S. E. Rep. 55, 83 Am. St. Rep. 706).

But if it be conceded for the purposes of this case that changes in by-laws under such an agreement can only be reasonable, we think the change here should be held valid.

2. BY-LAWS: reasonable-ness: broken leg: definition

A mutual association of this kind is for the benefit of a great number, and its affairs must be conducted for the greatest good of the greatest number, and its internal affairs must of necessity be governed very largely by its proper officers without interference by the courts, and we should not hold by-laws unreasonable which have been expressly consented to in advance, except upon the clearest and most satisfactory showing. There was no previous design-

ation as to what a broken leg meant, and it may have been necessary for the proper protection of the great body of members to certainly define what it did mean under the terms of the certificates, and we think such action was not unreasonable. What has already been said is sufficient to show that the defendant had no vested right in his certificate which could not be changed by the agreement he entered into. It may be doubtful whether a change in a by-law after an injury had been received could be made to affect the right to recover, but we do not determine the question because it is not in this case.

It is contended that the new by-law is not retroactive. This may be conceded, and, if we were asked to apply it to a case of injury before its enactment, we are inclined to think the contention' sound; but the by-law clearly says what shall be deemed a broken leg after its enactment, and, as the plaintiff's injury was in fact received thereafter, and when it was in force, it is clear that it was intended to and does apply to his case. *Bowie v. Grand Lodge*, 99 Cal. 392 (34 Pac. Rep. 103); *Stohr v. San Francisco Musical Fund Soc.*, *supra*.

The judgment is AFFIRMED.