BANKERS UNION OF THE WORLD v. BRICE F. MIXON.

FILED JUNE 8, 1905. No. 13,744.

1. **Insurance:** FALSE STATEMENTS. An untrue representation in an application for insurance will not vitiate the policy unless it is of such a nature that it might have been an inducement to issue

the policy. If it appears from the whole record that the representation could not have been relied upon by the insurer it will be disregarded.

2. **Waiver.** It is competent for the insured to waive all claim under the policy in case of death resulting from smallpox, and to make such waiver binding upon the beneficiary under the policy by apt words for that purpose expressed in the application.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, JUDGE. *Reversed.*

*Matthew Gering,* for plaintiff in error.

*J. L. Kaley, contra.*

SEDGWICK, J.

The defendant in error, Brice F. Mixon, as plaintiff in the court below, recovered a judgment against the plaintiff in error upon a beneficiary certificate issued upon the life of plaintiff's father, William Riley Mixon. The insured was a resident of Louisiana, and died on the 12th day of February, 1900. It is admitted that he paid the dues regularly, and complied with all of the provisions of of the contract upon his part to be performed; but the defendant insists that the plaintiff is not entitled to recover in this action because of an alleged misstatement made in the application for the insurance, and because the insured waived all benefits under the beneficiary certificate in case of his death resulting from smallpox, of which disease the defendant alleges the insured died. There is some discussion in the brief in regard to the waiver or enforcement of forfeitures of insurance policies, but these discussions are foreign to this issue, as no question of forfeiture is involved.

1. The first question presented in the briefs is upon the objection of the defendant that the insurance is void because of a misstatement of fact in the application. One of the questions asked of the applicant was: "Have you been successfully vaccinated?" to which his answer was:

"No"; and it is insisted by the defendant that the evidence shows that the applicant had at that time been successfully vaccinated, and that therefore his statement was false, which invalidates the insurance. It is difficult to understand how the defendant can seriously urge such a contention. If we suppose that it is conclusively shown that the applicant, just prior to making this statement, had been successfully vaccinated, and that therefore the statement was unquestionably untrue, there is nothing in this record from which it might be found that such a statement was material to the risk, or that the defendant relied thereon. In *Kettenbach v. Omaha Life Ass'n*, 49 Neb. 842, the law is stated to be:

"In order for such representations to constitute a defense to this action, it is incumbent upon the insurance company to plead and prove that the statements and answers were made as written in the application; that they were false; that they were false in some particular material to the insurance risk; that they were made intentionally by the insured; and that the insurance company relied and acted upon such statements."

This statement of the law has since been many times approved. *Royal Neighbors of America v. Wallace*, 66 Neb. 543; and upon rehearing of this last case, 5 Neb. (Unof.) 519, 73 Neb. 409.

It appears from the record that it was the policy of the company not to insure against death by smallpox unless the insured had been successfully vaccinated, and therefore it is affirmatively shown by this record that the company in contracting this insurance did not rely upon the applicant's statement that he had not been successfully vaccinated. It is enough to defeat this objection if the defendant has failed to make it appear that this statement of the applicant furnished some inducement of the company to enter into the contract.

2. Following the answer of the applicant that he had not been successfully vaccinated, the application contained these words: "If not, sign waiver. Waiver. I

agree to waive all benefits under a benefit certificate
which may be issued to me, in case of my death or total
or permanent disability resulting from smallpox. W. R.
Mixon. Applicant to sign name in full. William Riley
Mixon."

The defendant insists that the death of the insured re-
sulted from smallpox, and that, by reason of the foregoing
waiver, this loss was not insured against.   The sugges-
tion of the plaintiff that this waiver was not binding upon
the beneficiary is without foundation, since it waives bene-
fits in case of death, and such benefits could accrue to
no one except the beneficiary under the certificate.   It is
also suggested by the plaintiff that fraternal beneficiary
companies cannot contract for such waivers of liability.
No reason is given upon which to base such a suggestion,
and we are not aware of any.   The right of the parties to
so limit their contracts was recognized in *Sovereign Camp
W. O. W. v. Woodruff*, 80 Miss. 546, 32 So. 4.

The question, then, is whether the death of the insured
resulted from smallpox.   This case was tried by the court
without the intervention of a jury, upon documentary
evidence, a part of which was an agreed statement of facts
submitted in lieu of the oral evidence of witnesses.   In
this statement of facts it is stipulated that Dr. J. W.
Lambert, the medical examiner of the company, would
testify "that smallpox was prevalent in the community
where Mixon lived at the time of his death, and that
Mixon died of smallpox." It is also stipulated that six
other witnesses named in the stipulation "would swear
upon the stand, if personally present, that the deceased,
William Riley Mixon, died of smallpox." It is also stip-
ulated that the plaintiff and five other witnesses "would
testify, if personally present, that the deceased died of a
complication of diseases, viz., pneumonia and smallpox,"
and "that the only medical witness who testified as to the
disease which caused the death of Mixon was Dr. J. W.
Lambert, the medical examiner of defendant order."
Upon this evidence the trial court found that the insured

died of smallpox. The trial court entered judgment for plaintiff on account of the erroneous conclusion that the fact that the death resulted from smallpox was immaterial. We think that the evidence abundantly supports the special finding of the cause of death. Smallpox was prevalent in the community at the time. All of the witnesses agreed that the deceased was afflicted with smallpox at the time of his death. The stipulation is that some would testify that he died of smallpox complicated with pneumonia, and some would testify unqualifiedly that he died of smallpox. This stipulation shows that the insured was afflicted with smallpox, which resulted in his death, and under the conditions of his insurance there can be no recovery.

The judgment of the district court is therefore reversed and the cause remanded.

REVERSED.