Butler *v.* Eminent Household of Columbian Woodmen.

[76 South. 839, Division A.]

1. WORDS AND PHRASES. *Leg.*

The common definition of "leg" does not include the foot nor any of the bones of the foot.

2. INSURANCE. *Mutual benefit insurance. Reasonable changes in by-laws.*

Where an insurance contract in a mutual benefit society provides that the insurance is granted by the society to the member with the distinct provision that the rights and benefits shall be subject to and be governed by the Constitution and by-laws of the fraternal society existing when the policy was issued or that may thereafter be adopted or amended by the society before the injury occurred, such a provision permits any reasonable change in the rights and benefits under the covenant by amendment or adoption of laws of the society which might increase or decrease the dues and assessments, or define an ambiguous term in the covenant, or reasonably reduce the benefits, and such change in the laws of the society is valid, if reasonable and is to be read into the contract as if written therein.

2. INSURANCE. *Mutual benefit insurance. Amendment of constitution. Reasonableness.*

Where at the issuance of a policy by a mutual benefit insurance society, the covenant or contract of insurance and the Constitu-

tion and by-laws of the society provided that the beneficiary should receive two hundred dollars in the event of a broken leg, and thereafter such provisions of the Constitution of the society was amended to provide that the beneficiary should be paid one hundred dollars in the event of a complete fracture of the thigh, involving either the upper or lower extremity, or the shaft of the bone, or in the event of complete fracture of either or both bones of the lower leg (*tibia*, or shin bone, or *fibula*), at either extremity or along the center or in event of the complete fracture of the knee cap, such amendment to the Constitution, defining what was meant by a broken leg, was reasonable and proper under the provision of the insurance contract, that the member's rights and benefit were subject to and governed by the Constitution and by-laws of the society as existing or amended.

APPEAL from the circuit court of Hinds county.
HON. W. H. POTTER, Judge.
Suit by Young D. Butler against the Eminent Household of Columbian Woodmen. From a judgment for plaintiff, defendant appeals.
The facts are fully stated in the opinion of the court.

*Watkins & Watkins*, for appellant.

Contracts of insurance shall be liberally construed in favor of the insured and against the insurer; and where a policy is susceptible of ambiguous construction that construction should be placed upon it which shall preserve the rights of the insured and prevent a forfeiture.

The rule just stated is of such universal character and so well recognized by the courts of this state, as well as the other states of the Union, that its further elucidation here is needless. However, we will briefly refer to a few leading cases most closely touching the point involved in the case at bar: *Healey* v. *Mut. Acc'd. Ass't, of the* N. W. 23 Am. St. Rep. 637; *Miss. Mut. Ins.* v. *Ingraham,* 34 Miss. 215; *Liverpool, etc., Ins. Co.* v. *Van Os,* 63 Miss. 431; *Shivers* v. *Farmers' Mut. Fire Ins. Co.,* 55 So. 965; *Turner* v. *Fidelity & Cas. Co. of N. Y.,* 67 Am. St. Rep. 428; *Lowenstein* v. *Fidelity & Cas. Co.,* 88 Fed. 474; *Cross* v. *Shatliffe,* 1 Am. Dec. 645; *Bradley*

v. *Nashville Ins. Co.*, 48 Am. Dec. 465; *Rankin* v. *Amazon Ins. Co.*, 23 Am. St. Rep. 460; *Renshaw* v. *Mo. State, etc·, Co.*, 23, Am. St. Rep. 17.

Where a mutual benefit society executes a beneficiary covenant in consideration, partly, of compliance on the part of the insured with the constitution and by-laws of such society then existing or as thereafter legally amended, only such amendments can be validly passed and adopted as are reasonable, do not impair the vested rights of a member, reduce the benefits or amounts payable thereunder, nor radically alter the original contract of insurance. 70 So. 241; *Sophia Murphy* v. *Independent Order of the Sons and Daughters of Jacob of America*, 77 Miss. 830.

A case limiting the right to amend by-laws so as to affect the pre-existing rights of old members is found in the case of *Supreme Lodge Knights of Pythias* v. *Josephine R. Whithers*, 177 U. S. 260; *John G. Bragaw* v. *Supreme Lodge Knights and Ladies of Honor*, handed down by the supreme court of North Carolina,128 N. C. 354, 54 L. R. A. 602; *Strauss* v. *Mutual Reserve Fund Life Asso.*, 126 N. C. 971, 54 L. R. A. 605, 36 S. E. 352; *Supreme Lodge K. of P.* v. *Withers*, 177 U. S. 260, 44 Law. Ed. 762; 20 Sup. Ct. Rep. 611, filed April 9, 1900; *J. W. Gaunt and wife* v. *Supreme Council American Legion of Honor et al.* being from the supreme court of Tennessee, 55 L. R. A 465; *Knights Templars & M. Life Indemity Company* v. *Jarman*, 44 C. C. A. 93, 104 Fed. 638; *Beach* v. *Supreme Tent of Knights of Maccabees of the World*, 69 N. E. 281; *Parish et al.* v. *N. Y. Produce Exchange*, 61 N. E. 977; *Cov. Mut. Life Ass't. of Ill.* v. *Kentner,* 58 N. E. 966; *Newhall* v. *Supreme Council Legion of Honor*, 63 N. E. 1; *McAlarney* v. *Supreme Council A. L. H.*, 131 Fed. 538; *Lipincott* v. *Supreme Council A. L. H.*, 130 Fed. 483; *Starling* v. *Supreme Council*, 108 Mich. 440, 62 Am. St. Rep. 709; *Supreme Council of American Legion of Honor* v. *Getz*, 112 Fed. 119; *Russ* v. *Supreme Council American Legion of Honor,* 111 La. 588, 34·So. 697, 98 Am. St. Rep. 469;

*Wuerlfer* v. *Trustees of Grand Grove of Wisconsin of the Order of Druids,* 116 Wis. 19, 92 N. W. 433, 96 Am. St. Rep. 940.

Much stress was laid on the case of *Jacobina Dornes v. Supreme Lodge K. of P.* 77 Miss. 466, in the lower court, but only a cursory examination of said case is necessary to show beyond any doubt that such case is in no wise similar to the case at bar.

In reference to the general right to amend, we call the attention of your honors to the following decisions, all of which are in absolute accord with the views here insisted on. *Union Mut. Acc. Ass'n. v. Frohard,* 25 N. E. 642; *Knights T. & M. Life Indem. Co.* v. *Vail,* 68 N. E. 1103; *Knights of Honor* v. *Bieler,* 105 N. E. 244; *Wist v. Grand Lodge Ancient Order of United Workmen,* 22 Ore. 271, 29 Am. St. Rep. 603.

The subsequently enacted amendment being void and of no effect as to the rights of appellant herein under his original certificate or beneficiary covenant, then the section under which his policy is to be construed is section 8 of the original constitution and by-laws.

Said section 8 provides as follows, to wit: "Should the holder of a beneficiary covenant suffer a broken leg or arm he shall be paid two hundred dollars," and we submit that such provision covers the injury of appellant herein.

Following the line of the preceding argument it naturally and logically follows that the subsequently enacted by-law and amendment being void, that the by-law to be used in the construction of the terms of this certificate is therefore contained in the original constitution and by-laws, above referred to.

Then the question presents itself does the clause "suffer a broken leg," cover a fracture of the two bones called oscalsis and astragulas of the left lower limb, being the two bones just below the ankle joint, and joining the ankle with the bones below (Agreed Statement of Facts, Trs. p. 8, begining with line 14). In answer to that question we submit the following cases: *Rogers* v.

*Modern Brotherhood of America,* 131 Mo. A. 353, 111
S. W. 518; *Malcolm Peterson* v. *Modern Brotherhood*
*of America,* 67 L. R. A. 631.

Appellant respectfully submits that the finding of the
learned trial court should be reversed, and decree and
judgment with costs, awarded to the appellant here.

*J. A. Teat,* for appellee.

The examination of the authorities relied upon by
the appellant shows that counsel have gone into those
states of this union which have adopted a wholly diff-
erent rule from the one followed by the supreme court
of Mississippi. Mr Bacon, in his remarkable work on
Life & Accident Insurance, 4th Edition, Vol. 1, sec. 234,
and pages following, has set an alphabetical list of the
states following the rule that members are bound by
subsequent amendments to the by-laws, placing Missis-
sippi in this list and citing the very recent case of *Neuman*
v. *Supreme Lodge, Knights of Pythias,* 110 Miss. 371, 70
So. 241; L. R. A. 1916, ch. 105.

We have examined with considerable care the cases
cited by counsel for appellant and find that they almost
uniformly follow the rule which Judge Campbell in the
Neuman case referred to when he said:

"If it be understood that the rule announced in the
cases cited by appellant's counsel condemns the amend-
ment in question, even when applied to the facts as they
are in this case, then we unhesitatingly disapprove of
that rule." 110 Miss. 383.

From a full examination of the cases from the various
states, we find that there is some authority for the con-
tention that the total amount to be recovered upon death,
based upon a life insurance contract, cannot be changed
by by-law on the apparent ground that the beneficiary
therein named, of necessity being some other person
than the insured, has a vested right in the amount of re-
covery as mentioned in the policy. But we fail to find any
authority holding that an amendment to reduce the re-
covery to be had in favor of the insured upon the happen-
ing of a mere accident, on the ground of it interfering

with a vested right, has ever been held to be void and unenforcible. *Ankele* v. *Workingmen's Relief Societies, A. U. V. O. of Illinois,* 182 Ill. App. 470.

A broken leg should be considered and certainly is very different from a broken foot. It is true that the foot is a part of the leg just as the leg is a part of the body but certainly there is no good reason to say that the foot is the leg, and certainly there is no good reason for this court to say that the Columbian Woodmen cannot by its by-laws, say that the foot is not a part of the leg. *Ross* v. *Modern Brotherhood of America,* 95 N. W. 207, 120 Iowa, 692.

We shall not attempt here to give anything like a full list of the well-known accident and casualty companies, benevolent and otherwise, which have formally adopted the definition as given in the by-law now in question, but a casual observation from the reported cases, show the following as well as many others, who have adopted this definition; and we have been unable to find it repudiated or to be declared void and uninforcible by a single court in the country: Fidelity Mutual Life Ins. Company, Royal Casualty & Life Ins.; General Accident & Life Insurance Company; Casualty Co. of New York; Aetna Life Accident Ins. Company and many others too numerous to mention.

So thoroughly are we convinced of the correctness of the decision in the case of Ross v. Modern Brotherhood, 95 N. W. 207, 120 Iowa, 692, that we have concluded to stake this case on it.

"It is contended that the new by-law is not retroactive. This may be conceded, and, if we were asked to apply it to a case of injury before its enactment, we are inclined to think the contention sound; but the by-law clearly says what shall be deemed a broken leg after its enactment, and as the plaintiff's injury was in fact received thereafter, and when it was in force, it is clear that it was intended to and does apply to this case.

We respectfully submit that this cause should be affirmed.

HOLDEN, J., delivered the opinion of the court.

The appellant, Young D. Butler, sued the appellee in the circuit court of Hinds county to recover on a policy or beneficiary covenant of insurance for an alleged broken leg and from a judgment in favor of the appellee benevolent society the appellant brings this appeal here.

The agreed statement of facts is here set out:

"It is agreed by and between the parties, plaintiff and defendant, to the above-styled suit, that the same be tried before the judge, a jury being waived, on the following agreed statement of facts, to wit:

"First. That for a valuable consideration, and for value received, upon the written application of the plaintiff there was issued to the plaintiff by the defendant, on the 7th day of December, A. D. 1905, a contract or policy of insurance, called a beneficiary covenant. A copy of said application, accepted by the defendant on or before the 7th day of December, A. D. 1905, is hereto attached as Exhibit A, and is a part here-of the same as if fully copied herein. A copy of said contract or policy of insurance, called a beneficiary covenant accepted by the plaintiff on the 7th day of December, A. D. 1905, is hereto attached as Exhibit B, and is a part here-of the same as if fully copied herein.

"Second. That the plaintiff from the issuance of said contract or policy of insurance, called a beneficiary covenant, has made all payments and performed all things required of him, to keep said contract or policy of insurance, called a beneficiary covenant, in full force and effect, and the said contract or policy of insurance, called a beneficiary covenant, has been in full force and effect, and said plaintiff, as called in said policy or covenant, a worthy guest of the defendant order, in good standing, from the issuance of said policy or covenant, until now, and said policy or covenant was in full force and effect, and plaintiff said worthy guest in good standing, on the 25th day of November, A. D. 1915.

"Third. That at 1 o'clock a. m. on the said 25th day of November, A. D. 1915, while said policy or covenant was in full force and effect, and plaintiff said worthy guest in good standing, plaintiff was also a guest of the Rainey Hotel in the town of New Albany, Miss., which had caught on fire, and from which plaintiff, at said hour, only escaped with his life from a death by fire by means of an improvised rope of bed clothing let down by him from the window of the room occupied by him on the third floor of the said hotel, but which rope lacked twenty (20) feet of reaching the ground, and from the end of which plaintiff fell to the ground, thereby accidently breaking the two bones called *os calcis* and *astragalus,* of his left lower limb, being the two bones just below' the ankle joint, and joining the ankle with the bones below, from which plaintiff was laid up for many weeks with the injured part in a plaster of paris splint.

"Fourth. That there is attached hereto as Exhibit C and made a part hereof the same as if fully copied herein, a copy of the constitution and by-laws of the defendant order in force and effect at the time of the issuance of this policy or covenant, and still in force and effect so far as this suit is concerned, unless superseded by the new constitution and by-laws promulgated by the defendant order in December, 1913, and the amendments thereto, promulgated by the defendant order in December, 1914.

"Fifth. That there is attached hereto as Exhibit D, and made a part hereof, the same as if fully copied herein, a copy of said constitution and by-laws promulgated by defendant order as aforesaid in December, 1913, and the amendments thereto, promulgated by defendant order as aforesaid in December, 1914.

"Sixth. That plaintiff consented to no change either in the constitution or the by-laws of the defendant order affecting his rights and benefits as expressed in the said policy or covenant, unless by the terms and provisions

of said policy or covenant itself, by reason of his accept-
ance of said policy or covenant.

"Seventh. That if plaintiff's policy or covenant afore-
said covers the aforesaid injury then satisfactory and
due proof thereof was made to the defendant order by
plaintiff.

"Eight. That plaintiff has never been paid anything by
the defendant order by reason of or on account of said
injury, but the defendant order has refused to pay plain-
tiff anything by reason of said injury, denying liability
to plaintiff in the premises."

The policy sued upon was issued to the appellant in
1905, and contains the usual clause in such fraternal insu-
rance policies, "executed in consideration of the warran-
ties made in the application of this guest and of com-
pliance on the part of this guest with the constitution and
by-laws of this fraternity, now existing, or as hereafter
legally amended all of which and the application of this
guest are a part of this covenant." The application for
the insurance made by the appellant contained the same
provision; that is, that the insured should be bound
not only by the constitution and by-laws of the society
as it existed at the date of the execution of the insurance
covenant, but should be bound by the constitution and by-
laws of the society which should thereafter be legally
amended.

At the date of the issuance of the beneficiary covenant
herein, in 1905, the covenant or contract of insurance
and the constitution and by-laws provided that the bene-
ficiary should receive two hundred dollars in the event of
broken arm or broken leg. Subsequently, in the month
of December, 1914, the above provision of the constitution
of the society was amended to read as follows:

"Should the holder of a beneficiary covenant in good
standing suffer the complete fracture of the arm at either
extremity, or the shaft, or in the event of the complete
fracture of one or both bones of the forearm, either at the

extremities or the shaft, or in the event of the complete fracture of the thigh, involving either the upper or lower extremity, or the shaft of the bone, or in case of the complete fracture of either or both bones of the lower leg (*tibia*, or shin bone or *fibula*), at either extremity or along the center, or in the event of the complete fracture of the kneecap, there shall be paid one hundred dollars.''

It will be observed that the appellant beneficiary was injured in November, 1915, and that the injury was the fracture of two small bones of his foot, the *os calcis* and *astragalus*, the two bones just below the ankle joint for which injury this suit is brought. It also appears that he had continued to pay the premiums or dues on the policy without protest after the amendment to the constitution and by-laws was made by the society in December, 1914.

The appellant bases his claim here on the ground that the two small bones in his foot which were broken constitutes ''a broken leg.'' and is covered by the policy and laws of the society in force in 1905, under the provision, ''in the event of broken arm or broken leg,'' in the policy, and that the amendment or change in the by-laws and constitution made by the society in 1914 is illegal and void, and not binding upon him, and that the claim is valid under the covenant and laws of the society existing at the time the policy was issued.

It is unnecessary to consider and discuss but one question presented by this record in order to reach a decision of the controversy, and that is. whether or not the change or amendment to the constitution and by-laws of the appellee fraternal society made in December, 1914, which changed the provision of benefit ''in the event of broken leg'' to the provision of benefit ''in the event of the complete fracture of the thigh or of either bones of the lower leg (*tibia*, or shin bone, or *fibula*), or in the event of the complete fracture of the kneecap,'' was reasonable. In other words, under the terms of the policy and the constitution and by-laws of the society in

1905, when the policy was issued, the beneficiary could recover in the event of a "broken leg," which provision the appellant contends here would include any bone from the thigh down to and including the toes of the foot. The amendment to the by-laws and constitution of the society made in 1914 expressly defines what is meant, and specifically names the bones of the leg, the fracture of which entitles the insured to the benefit, and states what is included in the insurance risk, and that is, in effect, that the meaning of "broken leg" is the fracture of one of the bones of the lower leg or *tibia,* or the kneecap, or the thigh, but does not include the bones of the feet.

The appellant urges, and cites some authority holding, that the leg means any of the bones from the thigh down to the toes, but it appears from other authority and the common definition of "leg," that it does not include the foot nor any of the bones of the foot. However, if the bones of the foot should be included in the meaning of the word "leg," still we do not think that the fracture here of the two small bones of the foot comes within the beneficial terms of the policy, for the plain reason that the provision of the constitution and by-laws of the society, as changed and amended in December, 1914, expressly and definitely defines and names what bones of the body shall be considered the leg, and plainly provides for what fractures of the bones of the leg the beneficiary may recover. It is argued in the brief of the appellant that this amendment of the constitution and by-laws of the society is void and not binding upon the appellant because the amendment is unreasonable and impairs or destroys a vested right of the appellant under the contract of insurance.

This character of insurance contract in a mutual benefit society which provides that the insurance is granted by the society to the member with the distinct provision that the rights and benefits shall be subject to and be governed by the constitution and by-laws of this fraternal society existing when the policy issued or that may there-

after be adopted or amended by the society before the injury occurs, certainly permits any reasonable change in the rights and benefits under the covenant by amendment or adoption of laws of the society which might increase or decrease the dues and assessments, or define an ambiguous term in the covenant, or reasonably reduce the benefits, and such change in the laws of the society is valid, if reasonable, and is to be read into the contract as if written therein.

We are called upon here to pass upon the question of whether the amendment or change in this case made in the constitution and by-laws of the society in December, 1914, impaired a vested right or was void on account of being unreasonable. We do not think the change or amendment of the laws of the society made in December, 1914, was unreasonable, but on the contrary the change was reasonable, and probably wise and necessary, and was fully authorized by the laws of the society and the covenant of insurance, which expressly govern and determine the measure of the rights of the appellant under the beneficiary policy issued in this case. This rule of law is sustained by the best authority on the subject. *Ross* v. *Modern Brotherhood of America,* 120 Iowa, 692, 95 N. W. 207, and the authorities there cited; *Newman* v. *Supreme Lodge K. of P.,* 110 Miss. 371, 70 So. 241, L. R. A. 1916C, 1051; *Supreme Lodge K. of P.* v. *Mims,* 241 U. S. 574, 36 Sup. Ct. 702, 60 L. Ed. 1179, L. R. A. 1916F, 919; *Sovereign Camp W. W.* v. *Woodruff,* 80 Miss. 546, 32 So. 4; *Supreme Commandry* v. *Ainsworth,* 71 Ala. 449, 46 Am. Rep. 332; *Gilmore* v. *Knights of Columbus,* 77 Conn. 58, 58 Atl. 223, 107 Am. St. Rep. 17, 1 Ann. Cas. 715; *Fullenwider* v. *Supreme Council. etc.,* 180 Ill. 621, 54 N. E. 485, 72 Am. St. Rep. 239; *Norton* v. *Catholic Order etc.,* 138 Iowa, 464, 114 N. W. 893, 24 L. R. A. (N. S.) 1030; *Kirk* v. *Fraternal Aid Ass'n,* 95 Kan. 707, 140 Pac. 400; *Ury* v. *Modern Woodmen of America,* 149 Iowa, 706, 127 N. W. 665; *Uhl* v. *Life & Annuity Ass'n,* 97 Kan. 422, 155 Pac. 926; *Wright* v. *Minn. Mut. Life Co.,* 193 U. S. 657, 24 Sup. Ct. 549, 48 L. Ed. 832. The authorities cited in

these cases thoroughly discuss the question here involved, and sustain our holding above. Now, we conceded above for the purpose of the discussion that the change in the laws of the society was a material change in the benefits of the policy because it excluded any benefit for injury to bones in the foot, and that recovery might have been had for such injuries to bones in the foot before the change in the laws of the society was made in 1914, and we holding that such change was reasonable and valid and binding upon the appellant beneficiary herein. But as a matter of fact we are unable to say that the amendment of the laws of the society in December, 1914, really changed the benefits of the policy, or that it did not merely define what was meant by the original provision of "broken leg" of 1905. That is, the change made in the laws of the society in 1914 seems to have simply declared in unambigious terms what was and is, meant by the word "leg" in the policy, and that the fracture of the leg did not and does not mean the fracture of a small bone in the foot, which fracture is the basis of this suit. *Ross v. Modern Brotherhood of America, supra.* Defining what an ambiguous provision in the insurance policy means, may not necessarily result in changing or reducing or eliminating a material benefit therein. We do not say here that it was even necessary that the meaning of "leg" should have been expressly defined by the laws of the society, because it may be that the "leg" does not include the foot, toes, nor any of the bones of the foot, and if that be true, the appellant here could in no event have recovered under the contract of insurance in this case, because at no time did his covenant of insurance specifically provide a benefit for the fracture of any bone in his foot, consequently such fracture must have been of one of the bones of the leg in order that he should receive the benefit named in the insurance policy. But we do not pass upon this question.

It follows from the above conclusions that the appellant was deprived of no vested right under the insurance

policy on account of the change or amendment in the constitution and by-laws of the society made in December, 1904. *Ross* v. *Modern Brotherhood of America, supra.* We think the principle involved in the case before us is the same as that in the *Newman* v. *Supreme Lodge K. of P., supra,* and the able opinion of Special Justice CAMPBELL in that case is good authority, and splendidly covers the field on the particular subject.

It will be borne in mind in the instant case that the appellant was a member of the appellee mutual insurance society, and as such may have participated, directly or indirectly, in changing or amending its constitution and by-laws, and may have been charged under its laws with knowledge of amendments and changes made which affected his covenant of insurance; and it appearing that he continued to pay his premiums or dues in the society for the insurance furnished him after the constitution and laws of the society had been changed in December, 1914, he may have expressly or impliedly ratified the change made in the policy about which he now complains. But we do not pass upon these questions now because it is unnecessary to do so in view of the conclusion reached above.

The judgment of the lower court is affirmed.

*Affirmed.*