GEORGE E. TOWLE, APPELLEE, V. NEW YORK LIFE INSURANCE COMPANY, APPELLANT.

FILED MAY 8, 1931. NO. 27716.

*R. M. Switzler* and *Sterling F. Mutz*, for appellant.

*Allen & Requartte* and *O. C. Wood, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

Action at law on a policy of life insurance. Trial to a jury. Verdict for plaintiff. From judgment on the verdict, the defendant appeals.

The execution and issuance of the policy in suit, on July 20, 1929, and the execution of the application for the same on that date, the payment of all premiums falling due thereon, the death of the assured February 21, 1930, and the furnishing of due proof thereof, are all expressly admitted by the terms of defendant's answer.

So far as triable · issues are concerned, the insurance company's defense is based on the alleged fact that at the time of her medical examination, and in her application for insurance, the assured "denied that she had consulted a physician for or suffered from any of the various ailments or diseases inquired about, including disease of the heart and syphilis, and specifically denied consultation with or treatment by any physician at all within five years prior thereto." And, the company further, in appropriate language, alleged that the statements thus referred to were false and fraudulent, and that the same were relied upon by it, and the policy in suit issued thereon.

On the truth of the allegations thus made the plaintiff took issue by a reply.

This court is, by both statute and precedent, committed to the view that the language in applications, medical examinations, and in the policy, upon which defendant relies, amounts to no more than representations, and does not constitute warranties.

This court has also frequently declared that, where an insurance company claims that untrue answers were given in an application for insurance, to constitute a defense, it is incumbent upon the insurance company to plead and prove that the statements and answers were made as written in the application; that they were false; that they were false in some particular material to the risk; that they were made by the assured knowingly with the intent to deceive; that the company relied upon said representations and was deceived by them to its injury. *Kettenbach v. Omaha Life Ass'n*, 49 Neb. 842; *Beeler v. Supreme Tribe of Ben Hur*, 106 Neb. 853; *Aetna Life Ins. Co. v. Rehlaender*, 68 Neb. 284; *Bankers Union of the World v. Mixon*, 74 Neb. 36; *Goff v. Supreme Lodge Royal Achates*, 90 Neb. 578.

It may be conceded, for the purposes of this case, that the defendant insurance company, so far as the matter of pleading is concerned, has brought itself within the requirements of the rule thus stated. However, an examination of the bill of exceptions discloses that the evidence adduced at the trial is certainly conflicting and must be considered such to the extent to necessitate the submission of the matter to the determination of a jury. It is also patent that the evidence so conflicting is ample to sustain the verdict rendered in this case. To enter into a detailed discussion of the proof would serve no good purpose, and unnecessarily extend this opinion.

The action of the trial court is in all respects correct, and its judgment is, therefore,

AFFIRMED.